## JOSEPH H. STRAND v. ESTHER S. STRAND, ETC.[1]

June 9, 1922.

No. 22,835.

**Dissolution of partnership—injunction against use of firm name.**

> Where, on dissolution of a partnership and the purchase by one of the partners of the firm property and good-will, the partners stipulate that neither shall thereafter advertise as successors of the firm, *held* that the purchaser of the goodwill may be enjoined from using such firm name in a telephone directory.

Action in the district court for Hennepin county to restrain defendants from publishing the name "Strand & Strand" in defendant's telephone directory. The matter was submitted to Montgomery, J., who granted the injunction. From the order granting the injunction, Esther S. Strand appealed. Affirmed.

*Joel E. Gregory, McDonald, Fresch & Ryan* and *J. C. Larson,* for appellant.

*Trafford N. Jayne,* for respondent.

[1]Reported in 188 N. W. 568.

QUINN, J.

Plaintiff and defendant are brother and sister and for about three years prior to May, 1921, were engaged in the practice of chiropractics, under the firm name and style of Strand & Strand, occupying offices in the Loeb Arcade building in the city of Minneapolis. The firm's assets were of the value of less than $500. The partnership was for no fixed duration and was dissolved on April 30, 1921. Thereafter the defendant acquired a lease of the offices in her own name. On May 21, 1921, plaintiff commenced an action against his sister for a dissolution of the partnership, the appointment of a receiver to take charge of the firm's property and for an accounting. They continued to occupy the same offices and on October 3, 1921, entered into a written agreement settling their differences and the action was dismissed.

In the settlement it was stipulated that the lease mentioned was the individual property of the defendant. By. the terms of the settlement plaintiff agreed to sell and defendant agreed to buy from him, all his right, title and interest in and to the offices and partnership property of every name and description, including the goodwill of said partnership, all and singular, except certain specified articles of office equipment. such as stretchers, an X-ray cabinet, some charts, books and other things, which plaintiff might take with him, and in consideration of which defendant was to cancel a debt of $478.94, which plaintiff owed her, and pay him in addition thereto the sum of $5,000. It was further agreed that defendant should have the advertising contracts then existing with various newspapers in the firm name, but that neither party should thereafter advertise as "successors to Strand & Strand, chiropractors," and that the plaintiff should not thereafter interfere with, annoy or disturb defendant or her patients, nor open chiropractic offices with his sister Minnie in the city of Minneapolis for the period of two years after the date of the contract.

Immediately following the settlement and receipt of the proceeds thereof, plaintiff commenced the present action to enjoin appellant and the telephone company from placing the name of Strand & Strand in the telephone directory then about to be issued. The

matter was submitted to the trial court, upon the return of the order to show cause, the complaint, contract of settlement and affidavits of the parties and their attorneys. The affidavits are much at variance with the provisions of the contract of settlement; those of the plaintiff being to the effect that neither party to the settlement was to use the name of Strand & Strand in connection with the practice of chiropractics; while those of the defendant were to the effect that the good-will of the partnership included the telephone service of the name of Strand & Strand in the directory. The trial court made and filed its order enjoining the defendants as prayed for in the complaint, from which order the defendant Strand appealed.

The question presented is: Did the contract of settlement and sale of the property and good-will of the partnership carry with it the right to use the firm name thereafter in the telephone directory? The trial court found under the showing made that it did not. Conceding that the transfer of the good-will would, if not otherwise provided, pass to the purchasing copartner the right to use the firm name composed of the individual names of the two copartners, the contract shows that such result was not intended. The agreement "that neither party hereto shall hereafter advertise themselves as successors to Strand & Strand, chiropractors," plainly negatives the right of the purchaser to the use of the partnership name. If neither could advertise as successor to the old firm, neither could assume to be the old firm. The majority of this court are of the opinion that the holding of the trial court was based on a correct interpretation of the contract and that the order appealed from should be affirmed. The writer is unable to concur in that conclusion. The contract speaks for itself. It provides in unmistakable language that the sale included the good-will of the partnership; that the defendant should have the advertising contracts then existing with the various newspapers in the firm name of Strand & Strand, but that neither party should thereafter advertise themselves as "successors to Strand & Strand, chiropractors." In the opinion of the writer, there is nothing in this language which takes from the defendant the privilege of continuing the firm name in the telephone directory. Where a contract for the sale of a business

and good-will contains stipulations as to the use of the name, it should be enforced according to its tenor. The right of the use of the firm name in the directory is incidental to the good-will and passed as an accessory on the sale. It does not, in the writer's judgment, advertise the defendant as a successor to the firm.

The order appealed from is affirmed.